IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

FILED

DEC 17 2002

SAMUEL L. KAY, CLERK
U. S. District & Bankruptcy Court
Southern District of West Virginia

MICHAEL H. HOLLAND, THOMAS O.S. RAND,
WILLIAM P. HOBGOOD, MARTY D. HUDSON, ELLIOT
A. SEGAL, GAIL R. WILENSKY and CARL E. VAN
HORN as Trustees of the UNITED MINE WORKERS OF
AMERICA COMBINED BENEFIT FUND,

and

MICHAEL H. HOLLAND, MARTY D. HUDSON, JOSEPH
P. BRENNAN and B.V. HYLER as Trustees of the UNITED
MINE WORKERS OF AMERICA 1992 BENEFIT PLAN,

          Plaintiffs,

v.

BLUESTONE COAL CORPORATION,
a corporation,
818 N. Eisenhower Dr., Beckley, WV 25801; and
P. O. Box 1085, Beckley, WV 25801
James T. Miller, Registered Agent

BLUESTONE COAL SALES CORPORATION,
a corporation,
818 N. Eisenhower Dr., Beckley, WV 25801; and
P. O. Box 1085, Beckley, WV 25801
James T. Miller, Registered Agent

Civil Action No. 5:02-1454

BLUESTONE INDUSTRIES, INC.,
a corporation,
818 N. Eisenhower Dr., Beckley, WV 25801; and
P. O. Box 1085, Beckley, WV 25801
James T. Miller, Registered Agent

BRIER PATCH, LTD. (THE),
a corporation,
818 N. Eisenhower Dr., Beckley, WV 25801; and
P. O. Box 1085, Beckley, WV 25801
James T. Miller, Registered Agent

KEYSTONE SERVICE INDUSTRIES, INC.,
A corporation,
818 N. Eisenhower Dr., Beckley, WV 25801; and
P. O. Box 1085, Beckley, WV 25801
Byrd E. White III, Registered Agent

          Defendants.

## COMPLAINT

1. Plaintiffs Michael H. Holland, Thomas O.S. Rand, William P. Hobgood, Marty D. Hudson, Elliot A. Segal, Gail R. Wilensky, and Carl E. Van Horn are Trustees of the United Mine Workers of America Combined Benefit Fund ("Combined Fund"). The Trustees are fiduciaries with respect to the Combined Fund within the meaning of Section 3(21)(A) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(21)(A). The Trustees conduct the business of the Combined Fund at 2121 K Street, N.W., Suite 350, Washington, D.C. 20037.

2. Plaintiffs Michael H. Holland, Marty D. Hudson, Joseph P. Brennan, and B.V. Hyler are Trustees of the United Mine Workers of America 1992 Benefit Plan (the "1992 Plan"). The Trustees are fiduciaries with respect to the 1992 Plan within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). The Trustees conduct the business of the 1992 Plan at 2121 K Street, N.W., Suite 350, Washington, D.C. 20037.

3. The Combined Fund is an irrevocable trust fund created pursuant to Section 9702(a) of the Coal Industry Retiree Health Benefit Act of 1992 ("the Coal Act"), 26 U.S.C. § 9702(a). The Combined Fund is a plan described in Section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5); an employee welfare benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3); and a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

4. The 1992 Plan is an irrevocable trust fund created pursuant to Section 9712 of the Coal Act, 26 U.S.C. § 9712. The 1992 Plan is a plan described in Section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. §186(c)(5); an employee welfare benefit plan within the

2

meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3); and a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

5. Defendant Bluestone Coal Corporation ("Bluestone Coal") is a West Virginia corporation with an office and/or address at 818 N. Eisenhower Dr., Beckley, WV 25801 and P. O. Box 1085, Beckley, WV 25801.

6. Defendant Bluestone Coal Sales Corporation ("Bluestone Sales") is a West Virginia corporation with an office and/or address at 818 N. Eisenhower Dr., Beckley, WV 25801 and P. O. Box 1085, Beckley, WV 25801.

7. Defendant Bluestone Industries, Inc. ("Bluestone Industries") is a West Virginia corporation with an office and/or address at 818 N. Eisenhower Dr., Beckley, WV 25801 and P. O. Box 1085, Beckley, WV 25801.

8. Defendant Brier Patch, Ltd. (The) ("Brier Patch") is a West Virginia corporation with an office and/or address at 818 N. Eisenhower Dr., Beckley, WV 25801 and P. O. Box 1085, Beckley, WV 25801.

9. Defendant Keystone Service Industries, Inc. ("Keystone") is a West Virginia corporation with an office and/or address at 818 N. Eisenhower Dr., Beckley, WV 25801 and P. O. Box 1085, Beckley, WV 25801.

10. Jurisdiction is conferred on this Court by Section 9721 of the Coal Act, 26 U.S.C. § 9721; Section 4301(d) of ERISA, 29 U.S.C. § 1451(d); and Section 502(e) of ERISA, 29 U.S.C. § 1132(e).

11. Venue is proper in this district under Section 9721 of the Coal Act, 26 U.S.C. § 9721; Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2); and Section 4301(d) of ERISA,

29 U.S.C. § 1451(d), in that Bluestone Coal was incorporated in West Virginia and engaged in its normal business within this District.

12. Defendant Bluestone Coal is or was engaged in operating a certain coal mine, or mines, or coal mining business and/or transporting or cleaning coal.

13. Defendant Bluestone Coal is an "Assigned Operator" as that term is defined in Section 9701(c)(5) of the Coal Act, 26 U.S.C. § 9701(c)(5), having been assigned responsibility for certain beneficiaries of the Combined Fund by the Social Security Administration, pursuant to Section 9706 of the Coal Act, 26 U.S.C. § 9706.

14. Defendant Bluestone Coal is a "Last Signatory Operator" as that term is defined in Section 9701(c)(4) of the Coal Act, 26 U.S.C. § 9701(c)(4).

15. Defendants Bluestone Industries, Bluestone Sales, Brier Patch, and Keystone are "related persons" to Defendant Bluestone Coal within the meaning of Section 9701(c)(2)(A) of the Coal Act, 26 U.S.C. § 9701(c)(2)(A). As such, pursuant to Section 9712(d)(4) of the Act, 26 U.S.C. § 9712(d)(4), Defendants Bluestone Coal, Bluestone Industries, Bluestone Sales, Brier Patch, and Keystone (hereinafter, "Defendants") are jointly and severally liable for the amounts owed to the Combined Fund and to the 1992 Plan.

## COUNT I

16. Pursuant to Section 9704(a) of the Coal Act, 26 U.S.C. § 9704(a), Defendants are responsible for the payment of annual Combined Fund premiums for its assigned beneficiaries. These premiums were initially calculated by the Secretary of Health and Human Services ("the Secretary") and, pursuant to an amendment to Section 9704(b)(2), effective March 31, 1995, P.L. No. 103-296, §§ 108(h)(9)(A) and 110(a), 1994 U.S.C.C.A.N. (108 Stat.) 1464, now calculated by the Commissioner of Social Security ("the Commissioner"). These premiums are payable in

4

twelve monthly installments, pursuant to Section 9704(g)(1) of the Coal Act, 26 U.S.C. § 9704(g)(1).

17.     On October 16, 2000, the Combined Fund notified Defendant Bluestone Coal of the beneficiaries assigned to it and the per beneficiary premiums that were set by the Secretary for each plan year, and requested payment by October 25, 2000. Since that date, the Combined Fund has annually notified Defendant Bluestone Coal of the beneficiaries assigned to it, and the per beneficiary premiums that were set by the Secretary for each plan year, and the Combined Fund has requested payment of the per beneficiary premiums.

18.     As a result of Defendants' failure to pay per beneficiary premiums and death benefit premiums in full, Defendants owe the Combined Fund the principal amount of $11,561.81 through November 25, 2002. At this time, Defendants have been attributed three (3) beneficiaries under the Combined Fund.

19.     As a result of the aforementioned failure to pay premiums, Defendants have failed to discharge their obligations under Section 9704(a) of the Internal Revenue Code, 26 U.S.C. § 9704(a), and Section 515 of ERISA, 29 U.S.C. § 1145, and have caused the Combined Fund to sustain loss of income, incur administrative and legal expenses, and suffer immediate, continuing and irreparable injury. Plaintiffs are without an adequate remedy at law.

## COUNT II

20.     Pursuant to Section 9712(d)(1)(B) of the Coal Act, 26 U.S.C. § 9712(d)(1)(B), Defendants are liable for the payment of monthly per beneficiary premiums to the 1992 Plan for its eligible beneficiaries.

21.     By letter dated September 26, 2001, the 1992 Plan notified Defendants of the beneficiaries attributed to them and requested payment of the 1992 Plan monthly per beneficiary

premiums to be made no later than October 15, 2001. At this time, Defendants have been attributed two (2) beneficiaries under the 1992 Plan.

22. By letter dated September 4, 2002, the 1992 Plan demanded payment of all amounts owed and notified Defendants that unless payment was received within ten (10) days, their failure to pay the required premiums would be treated as a delinquency by the 1992 Plan, for which it would seek payment of all amounts owed including interest, liquidated damages, attorney's fees and costs.

23. Defendants have failed to pay the required premiums to the 1992 Plan for the period of February 15, 1993 through November 15, 2002, in the principal amount of $65,349.66. Therefore, Defendants have failed to discharge their obligations under Section 515 of ERISA, 29 U.S.C. § 1145, and Section 9712(d)(1)(B) of the Coal Act, 26 U.S.C. § 9712(d)(1)(B), and have caused the 1992 Plan to sustain loss of income, incur administrative and legal expenses and suffer immediate, continuing and irreparable injury. Plaintiffs are without an adequate remedy at law.

WHEREFORE, the Plaintiffs pray for the following relief:

a. A declaration that Defendants Bluestone Coal, Bluestone Industries, Bluestone Sales, Brier Patch, and Keystone are related persons within the meaning of Section 9701 (c)(2)(A) of the Coal Act, 29 U.S.C. § 9701 (c)(2)(A);

b. A declaration that Defendants' are jointly and severally liable to the 1992 Plan for the monthly per beneficiary premiums through November 15, 2002 of $65,349.66;

6

c. Judgment jointly and severally against Defendants for the entire liability to the 1992 Plan set forth in paragraph (b), plus interest thereon from the date such amount became due and owing, together with liquidated damages, pursuant to Section 9721 of the Coal Act, 26 U.S.C. § 9721; Sections 502 (g)(2), 515, and 4301 (b) of ERISA, 29 U.S.C. §§ 1132 (g)(2), 1145 and 1451(b), and for all amounts that become due during the pendency of this action plus interest thereon;

d. A declaration that Defendants are jointly and severally liable to the Combined Fund through November 25, 2002, for per beneficiary premiums and death benefit premiums of $11,561.81 through November 25, 2002.

e. Judgment jointly and severally against Defendants for all amounts that become due the Combined Fund from November 26, 2002 set forth in paragraph (d) to the date of judgment, including amounts to come due during the pendency of this action plus interest thereon;

f. Judgment for the entire joint and several liability of Defendants set forth in paragraphs (b) and (d), plus interest thereon from the date such amount became due and owing, together with liquidated damages, pursuant to Section 9721 of the Coal Act, 26 U.S.C. § 9721; Sections 502 (g)(2), 515, and 4301 (b) of ERISA, 29 U.S.C. §§ 1132 (g)(2), 1145 and 1451(b);

g. A permanent injunction enjoining Defendants to timely pay their premiums to the Combined Benefit Fund and to the 1992 Benefit Plan;

h. An order requiring Defendants to submit a completed Remittance Advice Form(s) reflecting the number of potential beneficiaries, and Judgment to be awarded for

7

the additional amounts due, based on the information contained on the Remittance Advice Form(s);

i. Judgment for attorney's fees and other costs and disbursements in this action;

j. An order that the Court retain jurisdiction of this case pending compliance with its orders; and

k. for such other and further relief as the Court may deem just.

Respectfully submitted,

*/s/*

GARY A. COLLIAS
Collias & McIntrye
124 Capitol Street
P.O. Box 70007
Charleston, WV 25301-0007
Telephone: (304) 344-3652

*/s/*

LARRY D. NEWSOME
Associate General Counsel

*/s/*

MICHELE SCHOEPPE
Senior Associate Counsel

UMWA HEALTH & RETIREMENT FUNDS
Office of the General Counsel
2121 K Street, N.W.
Washington, D.C. 20037
Telephone: (202) 521-2238

Attorneys for Plaintiffs