IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**MICHAEL H. HOLLAND, et al.,**

    **Plaintiffs,**

v.                                      CIVIL ACTION NO. 5:02-1454

**BLUESTONE COAL CORPORATION, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

This is an action to collect delinquent per beneficiary premiums allegedly due under the Coal Industry Retiree Health Benefit Act of 1992, 26 U.S.C. §§ 9701-9722 (the "Coal Act"). Plaintiffs are the Trustees of the United Mine Workers of America 1992 Benefit Plan (the "1992 Plan"). Defendants are Bluestone Coal Corporation ("Bluestone Coal") and four other corporations plaintiffs contend are "related persons" jointly and severally liable with Bluestone for the unpaid premiums.

On September 30, 2004, the court found defendants liable for paying unpaid pre-beneficiary health premiums to plaintiffs. The court left open the issue of damages and directed the parties to file pleadings on the issue. Before the court is plaintiffs' motion for award of damages in the amount of $121,892.31 (Docket No. 52). In their response, defendants contend that damages awarded should not include interest or liquidated damages because awarding them would be inequitable. (Defs.'s Br. at 3.) Having

reviewed the record and relevant case law, the court orders defendants to pay damages in an amount of $121,892.31.

In its September 30, 2004 Order, the court found that defendants are liable for paying plaintiffs per beneficiary premiums due to defendants' failure to provide health benefits to Kenny and Ellen Dowell, for the period beginning February 15, 1993, and continuing until the present day. The court left open the issue of damages to be awarded to the 1992 Plan. Plaintiffs now submit that defendants are liable and owe the full damages, including liquidated damages and attorney's fees, for failing to comply with § 9712 of the Coal Act.

The facts relevant to the issue of damages are as follows. Mr. Dowell first applied for benefits in February 2001, and his application was approved in June 2001. (Gagné Decl., Exh. A, ¶ 6.) Dowell was uninsured at the time of his application, and his health benefits were made retroactive to February 15, 1993, the start date under the 1992 Plan. Id. ¶ 7. The 1992 Plan notified Bluestone Coal of its per beneficiary premium obligations on September 26, 2001, December 17, 2001, August 28, 2002, December 16, 2002, July 28, 2003, and with each notification requested payment. (Stover Decl., Exh. B, ¶ 4, Tab. 1.) The UMWA Funds' Office of General Counsel also sent a letter demanding payment on September 4, 2001.

Despite these demands for payment, Bluestone Coal failed to pay any of the premiums due for the Dowells' coverage. Plaintiffs now contend that defendants are responsible for premiums due from February 15, 1993, through November 15, 2004, interest, and liquidated damages as provided under the Coal Act.

Defendants argue that it would be inequitable to award the levels of damages plaintiffs seek and that plaintiffs should not be awarded any interest or liquidated damages. (Def.'s Br. at 2-3.) Specifically, defendants cite Joyce v. Clyde Sandoz Masonry, 871 F.2d 1119, 1127 (D.C. Cir. 1989), for the proposition that a benefit plan "through delay may forfeit its claim to interest accrued" during the period of the delay. In Joyce, after a collective bargaining agreement between a masonry company and a bricklayers' union expired, the union waited more than six years to file suit to collect payment on the company's withdrawal liability. Id. at 1121. During this six-year period, the company made monthly reports for at least four years not showing any contribution to the fund. Id. Defendants' contention appears to be that Joyce is applicable here because of the eight-year gap between the passage of the Coal Act and the time the beneficiaries demanded payment.

In this case, the delay was through no fault of the plan administrators. A period of only eight months elapsed from the time Mr. Dowell first applied for benefits to the time plaintiffs

notified defendants that monies were due.  (Stover Decl., Exh. B, ¶ 4, Tab. 1.)  Plaintiffs acted as soon as they were able to act: in this, this case is readily distinguishable from <u>Joyce</u>.  In <u>Joyce</u>, the union waited more than six years from the time it knew an obligation would come due to attempt collection.

Defendants' second argument is likewise unconvincing.  Even though defendants indicated that plaintiffs demanded payment without presenting them any "options," nothing in the record suggests that defendants requested any accommodations regarding payment or made any efforts to pay even a portion of the sums that were due.  Plaintiffs did everything the law required them to do in a timely fashion.

The applicable statute dealing with damages, 29 U.S.C. § 1132(g), provides that the court shall award the plaintiff (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of the interest on the unpaid contributions or liquidated damages in an amount not in excess of 20 percent of the unpaid contributions, (D) reasonable attorney's fees and costs of the action, and (E) such other legal or equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g)(2)(A)-(E).  Plaintiffs have produced documentation showing that Bluestone Coal has unpaid contributions from February 15, 1993, through November 15, 2004, in an amount of $86,478.98, interest due in the amount of

$11,485.03, liquidated damages in an amount of $17,295.80, and attorney's fees and costs through November 16, 2004, in an amount of $6,632.50, for a total of $121,892.31 in damages.  Defendants have not contested any of these numbers.  As such, it is hereby **ORDERED** that damages be awarded in an amount of $121,892.31.

The Clerk is directed to forward a certified copy of this memorandum opinion and order to all counsel of record.

It is **SO ORDERED** this 16th day of September, 2005.

ENTER:

*David A. Faber* (signature)

David A. Faber
Chief Judge